# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| SHANDICE GREEN, as Parent and Natural Guardian of JOSEPH WESLEY LYNN, a minor, and CYNTHIA L. HURD, as Temporary Administratrix and Applicant for Letters of Administration of the Estate of JOSEPH LYNN, deceased, | : : : : : : : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| GLYNN COUNTY, GEORGIA; GLYNN COUNTY SHERIFF'S DEPARTMENT; SHERIFF WAYNE BENNETT, in his official capacity as Glynn County Sheriff; RON CORBETT, in his official capacity as Glynn County Jail Administrator; JOHN DOE "1;" JOHN DOE "2;" JOHN DOE "3;" JOHN DOE "4;" JOHN DOE "5;" JOHN DOE "6;" and JOHN DOE "7." | : : : : : : : : : | |
| Defendants. | : | NO. CV201-52 |

## O R D E R

Plaintiffs, Shandice Green, as Parent and Natural Guardian of Joseph Wesley Lynn, a minor, and Cynthia L. Hurd, as

Temporary Administratrix and Applicant for Letters of Administration of the Estate of Joseph Lynn, deceased, bring this action against Defendants, Glynn County, Georgia; Sheriff Wayne Bennett, in his individual and official capacity; Ron Corbett, in his individual and official capacity; and John Does 1-7, for the death of Joseph Lynn alleging violations of decedent's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments.[1]  Plaintiffs also bring several state law claims.

Currently before the Court is Defendants' Motion for Summary Judgment.  The Court will **GRANT** Defendants' Motion for Summary Judgment as to the following:

1. Plaintiffs have sued both Glynn County, Georgia; and Sheriff Wayne Bennett, in his official capacity.  Thus, the claims against "Glynn County Sheriff's Department" are redundant and are hereby dismissed.  Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992).  Moreover, the suits against Sheriff Wayne Bennett and Ron Corbett, in their official capacities, are the "functional equivalent" as the suit against the County.  Thus, summary judgment is appropriate

---

[1] Plaintiffs' cause of action for these alleged violations arise under 42 U.S.C. § 1983.

in favor of Bennett and Corbett, in their official capacities. See generally Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).

2. Under federal law, punitive damages are not permitted in Section 1983 claims against municipalities. Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981). Under Georgia law, punitive damages are not permitted against municipalities. Martin v. Hospital Auth. of Clark Co., 264 Ga. 626 (1994). Thus, the claims for punitive damages against Glynn County are dismissed.

3. Under federal law, punitive damages are not permitted in Section 1983 claims against municipal officials in their official capacities. Alexander v. Fulton Co., Ga., 207 F.3d 1303 (11th Cir. 2000). The same is true under Georgia law. Thus, the claims for punitive damages against Wayne Bennett and Ron Corbett in their official capacities are dismissed.

4. Under Georgia law, Glynn County, Georgia; and Wayne Bennett, in his official capacity; and Ron Corbett, in his official capacity; are immune as to any state claims. Thus, all state claims against Glynn County and Bennett and Corbett, in their official apacities, are dismissed.

AO 72A
(Rev 8/82)

As to all other grounds presented by Defendants in their Motion for Summary Judgment, the Court concludes that there are genuine issues of material fact requiring a jury determination. Accordingly, the Court will **DENY** Defendants' Motion for Summary Judgment as to all other issues.

### CONCLUSION

After carefully considering the arguments presented by the parties, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion for Summary Judgment.

**SO ORDERED**, this ___10th___ day of June, 2002.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

UNITED STATES DISTRICT COURT
Southern District of Georgia

Case Number:   2:01-cv-00052
Date Served:   June 11, 2002
Served By:     Sherry L. Taylor

Attorneys Served:

Austin E. Catts, Esq.
Todd C. Brooks, Esq.
Terry L. Readdick, Esq.

✓ Copy placed in Minutes
✓ Copy given to Judge
___ Copy given to Magistrate