United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN 16 P 3 30

CLERK _____
SO. DIST. OF GA.

SHANDACE GREEN, as Parent : CIVIL ACTION
and Natural Guardian of
JOSEPH WESLEY LYNN, a minor, :
and CYNTHIA L. HURD, as
Temporary Administratix :
and Applicant for Letters of
Administration of the Estate :
of JOSEPH LYNN, deceased,
:
    Plaintiffs,
:
      v.
:
GLYNN COUNTY, GEORGIA,
JOHN DOE "4", JOHN DOE "5", :
and JOHN DOE "7",
:
    Defendants.    NO. CV201-52

### ORDER

    Plaintiffs brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants are responsible for the death of Plaintiffs' decedent, Joseph Lynn, because they deliberately were indifferent to his serious medical needs while he was incarcerated at the Glynn County Detention Center. Presently before the Court is the motion of Defendant, Glynn

County, to dismiss for lack of prosecution. For the reasons stated below, Glynn County's motion will be **DENIED**.

**BACKGROUND**

Plaintiffs filed this action on March 30, 2001. On June 19, 2002, the Court granted Plaintiffs' request for leave to file an amended complaint in order to substitute named defendants for "John Doe" defendants.

On April 3, 2003, the Court granted Glynn County's motion to stay the case pending the outcome of two Eleventh Circuit cases, Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003) (en banc), cert. denied, 540 U.S. 1107, 124 S. Ct. 1061, 157 L.Ed.2d 892 (2004), and Grech v. Clayton County, Ga., 335 F.3d 1326 (11th Cir. 2003). The cases became final on January 12, 2004, the date the Supreme Court denied certiorari.

On March 28, 2005, Plaintiffs filed a motion to lift the stay and proceed to trial. Defendant, in response, filed both an opposition to the motion and a motion to dismiss for failure to prosecute. By Order dated May 6, 2005, the Court granted Plaintiffs' motion to lift the stay and further directed Plaintiffs to show cause why the case should not be dismissed for failure to prosecute.

AO 72A
(Rev. 8/82)

**DISCUSSION**

A district court has authority to dismiss an action for failure to prosecute or to obey a court order or federal rule. Fed. R. Civ. P. 41(b). The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)); Kilgo v. Ricks, 983 F.2d 189, 192-93 (11th Cir. 1993).

Glynn County argues that the action should be dismissed because it has been prejudiced by Plaintiffs' history of delays in this case. In support thereof, it shows the Court that Plaintiffs sought to amend their complaint to add additional defendants more than fourteen months after filing the original complaint and waited more than twenty months after the Eleventh Circuit rendered its decisions in Grech and Manders to file the motion to lift the stay.

The Court concludes that neither of these acts demonstrates a clear record of delay or willful contempt warranting dismissal. With regard to the fourteen month delay in seeking to file the amended complaint, the Court considered and rejected Glynn County's undue delay and prejudice arguments

when it permitted Plaintiffs to file the amended complaint. Discovery was extended by joint motion and stipulation until April 16, 2002. Shortly thereafter, on June 19, 2002, Plaintiffs sought to substitute named defendants for "John Doe" defendants identified during discovery. Glynn County was not prejudiced by the two month delay between the date discovery was closed and the date the motion to amend was filed.

Similarly, the delay between the date the Eleventh Circuit rendered its decisions in <u>Grech</u> and <u>Manders</u> and the date Plaintiffs filed the motion to lift the stay does not demonstrate undue delay or prejudice to Glynn County. As an initial matter, the delay was not more than twenty months, but fourteen months, as <u>Manders</u> did not become final until the Supreme Court denied certiorari on January 12, 2004. In making its determination, the Court finds it significant that it was Glynn County, not Plaintiffs, that filed the motion to stay the proceedings in this action pending the Eleventh Circuit decisions, yet it was Plaintiffs who filed the motion to lift the stay. Furthermore, Glynn County did not file the motion to dismiss for failure to prosecute until after Plaintiffs filed a motion to lift the stay. While recognizing that Glynn County may have difficulty locating witnesses, the Court does

4

not find that such difficulty warrants the harsh sanction of dismissal, particularly in light of the foregoing.

Glynn County further urges the Court to grant its motion because continued pursuit of the instant claims would be futile as a matter of law in light of the Eleventh Circuit Court of Appeals decisions in <u>Manders</u> and <u>Grech</u>. Finding that a summary judgment motion is the proper vehicle for asserting this argument, the Court will deny Glynn County's request.

**CONCLUSION**

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Glynn County's motion to dismiss for lack of prosecution (Doc. No. 87) is **DENIED**.

**SO ORDERED** this 15th day of June, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)