IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SHANDICE GREEN, as parent and
natural guardian of JOSEPH WESLEY
LYNN, a minor, and CYNTHIA L.
HURD, as Temporary Administratrix
and applicant for Letters of Adminis-
tration of the Estate of Joseph Lynn,
deceased,

    Plaintiffs,

vs.

GLYNN COUNTY, GEORGIA; GLYNN
COUNTY SHERIFF'S DEPARTMENT;
WAYNE BENNETT, Sheriff, in his
official capacity; JOHN DOE "1"; JOHN
DOE "2"; JOHN DOE "3"; JOHN DOE
"4"; JOHN DOE "5"; JOHN DOE "6";
JOHN DOE "7"; and RON CORBETT,
in his official capacity as Jail
administrator,

    Defendants.

CIVIL ACTION NO.: CV201-52

## ORDER

Counsel for Defendant Glynn County, Georgia, filed a Motion in Limine (Doc. No. 114) regarding opinions offered by Plaintiff's expert, Dr. Mary Jean Cardin ("Cardin"). Plaintiff filed a Response. Defendant requests that the Court limit any proffered expert testimony by Cardin regarding: (1) jail administration, procedures, and protocols; and (2) Decedent's statements regarding seizures he allegedly faked. Defendant asserts that Cardin, during her deposition, improperly testified regarding these subjects. Defendant avers that Cardin's expertise is limited to pediatrics and family medicine. Defendant contends that opinions on jail administration and Decedent's statements exceed the scope

AO 72A
(Rev. 8/82)

of her expertise, and her statements should not be considered scientifically reliable or expert testimony.

Plaintiff generally contends that Defendant's Motion in Limine should be denied. Plaintiff asserts that Cardin's testimony qualifies as expert testimony. Plaintiff contends that Cardin has ample experience and expertise in the field and can testify regarding both topics. Plaintiff contends that Cardin possesses the requisite expertise and training to provide an expert opinion concerning patients who claim to fake a seizure and the weight medical personnel should place on such statements.

Federal Rule of Evidence 702, which governs the admission of expert testimony at trial, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597, 113 S. Ct. 2786, 2798-99, 125 L. Ed. 2d 469 (1993), the Court held that the trial court has the duty of gate keeping, to ensure that the expert testimony is both relevant and reliable. See also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171, 143 L. Ed. 2d 238 (1999). Reliability of an expert's methods are assessed using many factors, including general acceptance, testability, peer review and publication, known or potential rates of error, and the existence of controlling factors. Daubert, 509 U.S. at 593-95, 113 S. Ct. at 2796-98 (1993). These factors were not intended to be applied as a definitive checklist,

2

as the Daubert analysis is flexible and depends rather on the facts of the particular case at issue. Kumho, 526 U.S. at 150, 119 S. Ct. at 1175.

In the instant case, Cardin is an expert within the meaning of Rule 702. Although Cardin has never worked in prison administration, her expertise in the diagnosis and treatment of alcohol withdrawal and delirium tremens provides a basis to testify about proper procedures and protocols which should be employed. Further, Cardin's experience as Chief of an alcohol and detoxification psychiatric unit establishes her expertise to provide opinions regarding the degree of consideration prison officials should have given Decedent's statement that he faked a seizure. Her testimony is based on generally accepted practices regarding the care of patients with the same condition as the Decedent. The issues raised by Defendant are primarily regarding the credibility of the expert and are more properly resolved through "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." Daubert, 509 U.S. at 596, 113 S. Ct. at 2798. The jury should decide how much, if any, weight to give Dr. Cardin's testimony. Accordingly, Defendant's Motion in Limine is hereby **DENIED**.

**SO ORDERED**, this 24th day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE